# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　Plaintiff,<br><br>　　　　v.<br><br>FERNANDO LUVIANO,<br>　　Defendant. | CV 19-10596 DSF<br>CR 13-574 DSF<br><br>Order DENYING Motion to<br>Vacate, Set Aside, or Correct<br>Sentence and DENYING<br>Certificate of Appealability |

　　Defendant Fernando Luviano has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The grounds for the motion are (1) that his counsel provided ineffective assistance when counsel failed to object to the criminal history information in the presentence report and (2) that Defendant's sentence violated Defendant's due process rights by applying a five point "serious bodily injury" enhancement.

　　Counsel was not ineffective in failing to object to the presentence report. The presentence report mentions an assault arrest that Defendant argues was only a detention and not an official arrest. While the sentencing judge commented on the assault arrest, neither party focused on it in their sentencing papers and it did not affect Defendant's criminal history category. There is no indication that the sentencing judge would have viewed the appropriate sentence differently had the assault arrest been reported as a detention. Further, there was ample evidence in the materials that Defendant had been involved in several questionable uses of force prior to the charged incident, which justifes the sentencing judge's conclusion that

Defendant's criminal history category somewhat understated his actual past conduct.

Defendant has procedurally defaulted on his claim related to the "serious bodily injury" enhancement because he did not raise it on appeal or show cause for failing to do so.[1] In any event, the premise of the claim is incorrect because the sentencing judge considered the degree of injury, noting that while the injuries were not the worst possible, they were still serious enough to warrant a five-point enhancement. There is ample evidence in the record to support that assessment.

The motion is DENIED. Additionally, Defendant has not made a substantial showing of the denial of a constitutional right, and a certificate of appealability is denied. See 28 U.S.C. § 2253; Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

IT IS SO ORDERED.

DATED: March 19, 2020

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

---

[1] A defendant moving pursuant to § 2255 "procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response to the default." United States v. Ratigan, 351 F.3d 957, 962 (9th Cir. 2003).